# EXHIBIT 2

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| AMPHENOL CORPORATION,<br>Plaintiff, | : | CIVIL NO. 3:12-cv-543 (AVC) |
| VS. | : | |
| RICHARD PAUL,<br>Defendant. | : | |

**AFFIDAVIT OF KEVIN ROCK**

I, Kevin Rock, do swear and depose under penalty of perjury, as follows:

1. I am over eighteen years of age and understand the obligations of an oath.

2. I have personal knowledge of the facts stated herein, which are true to the best of my knowledge and belief. If called to do so, I would testify competently to them.

3. I am the President of TE Connectivity, Inc.'s Aerospace, Defense & Marine business unit.

4. I submit this Affidavit in connection with Richard Paul ("Mr. Paul's") Opposition to the Plaintiff's Emergency Motion for Preliminary Injunction, Expedited Discovery, and Expedited Hearing.

5. Tyco Electronics Corporation, a U.S. Subsidiary of TE Connectivity, Ltd. (collectively, "TE"), hired Mr. Paul, effective April 2, 2012, to work as TE's Vice-President for Product Management & Pricing for the Aerospace, Defense & Marine business unit. In this position, Mr. Paul reports to me.

6. TE's employment of Mr. Paul is not designed to harm Amphenol Corporation's ("Amphenol") interest in its confidential information. TE's employment of Mr. Paul is not designed to cause Mr. Paul to violate any agreements or obligations he has or may have with Amphenol.

Case 3:12-cv-00543-AVC Document 20-2 Filed 05/07/12 Page 3 of 6

7. Mr. Paul's responsibilities at TE are limited to product management and pricing for relays, wire/cable, and engineered products (primarily cable accessories).

8. As TE has told Amphenol in writing, TE has taken precautions to make sure that:

a. Mr. Paul does not use any of Amphenol's confidential or trade secret information;

b. Mr. Paul does not provide any such information to any TE employee;

c. Mr. Paul is not ever pressured to do so; and

d. Mr. Paul is not put in a position where he will inevitably use Amphenol's confidential information.

9. These precautions include having Mr. Paul sign an intellectual property protection agreement, which states, in relevant part:

> Tyco Electronics respects the intellectual property rights of others. This includes another's confidential and proprietary information . . . You hereby agree that you have not and will not share with Tyco Electronics any confidential or proprietary information you have received from your present or former employers. Should you be asked a question that you believe might require such a disclosure, you agree to raise the issue immediately and any answer you provide shall not disclose or otherwise utilize such confidential or proprietary information. You further agree never to use for your own or for Tyco Electronic[']s benefit any former employer's confidential or proprietary information. . . .

A true and accurate copy of this signed agreement is attached as Exhibit A.

10. In April 2012, TE acquired Deutsch Group SAS ("Deutsch"). Mr. Paul will have no role in the integration of TE and Deutsch.

11. As TE has told Amphenol in writing, TE has taken precautions to make sure that TE's employment of Mr. Paul poses no harm to Amphenol's legitimate business interests. As TE has assured Amphenol in writing:

a. Mr. Paul will not be required to use and will not use Amphenol's confidential information for TE's benefit;

b. For at least one year, Mr. Paul will have no input into TE's prospective Deutsch business, its manufacturing facilities, engineers, product, or personnel;

c. Deutsch's locations will be separate from TE's Aerospace, Defense & Marine locations;

d. For a year, Mr. Paul will not attempt to divert Amphenol customers or suppliers, with whom Mr. Paul has had contact over the last year, to do business with TE instead; and

e. For a year, Mr. Paul will not attempt to solicit Amphenol employees with whom he worked in the last year of his work for Amphenol.

12. At TE, Mr. Paul is not directly or indirectly engaging in the production, development, sale, or distribution of any product produced, sold, or distributed by Amphenol.

13. TE has instructed Mr. Paul that, while working for TE, Mr. Paul should not directly or indirectly engage in the production, development, sale, or distribution of any product produced, sold, or distributed by Amphenol.

14. To avoid any perception that Mr. Paul's work might conflict with the work he did while employed at Amphenol, TE changed the job responsibilities for Mr. Paul's position so that Mr. Paul has no responsibility whatsoever for connector or interconnects of any kind.

I affirm under penalty of perjury that the foregoing is true and correct.

Kevin Rock

Sworn and subscribed before
me this 5th day of May, 2012.

Notary Public
My commission expires:

NOTARIAL SEAL
JANICE S HENDLER
Notary Public
FAIRVIEW TWP., YORK COUNTY
My Commission Expires Jan 31, 2016

# EXHIBIT A

Case 3:12-cv-00543-AVC Document 20-2 Filed 05/07/12 Page 6 of 6

TE connectivity

TE Connectivity
2900 Fulling Mill Road
Middletown, PA 17057
www.te.com

To: Richard Paul

From: JR Russell

Tyco Electronics respects the intellectual property rights of others. This includes another's confidential and proprietary information. , You hereby agree that you have not and will not share with Tyco Electronics any confidential or proprietary information you have received from your present or former employers. Should you be asked a question that you believe might require such a disclosure, you agree to raise the issue immediately and any answer you provide shall not disclose or otherwise utilize such confidential or proprietary information. You further agree never to use for your own or for Tyco Electronics benefit any former employer's confidential or proprietary information. Please acknowledge below your agreement with the above.

[signature] April 5, 2012

Richard Paul Date